FILED
CLERK

6/16/2021 12:31 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SILVER SANDS MOTEL, INC., *et al.*,

        Plaintiffs,

  -against-

LONG ISLAND CAPITAL MANAGEMENT, *et al.*,

        Defendants.
---------------------------------------------------------------X

**ORDER**
21-cv-01224 (GRB) (JMW)

**WICKS,** Magistrate Judge:

    Plaintiffs in this action brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1962, *et seq.*, did not serve Defendant Eric Friedlander within the 90-day period mandated by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m). Specifically, the complaint was filed on March 8, 2021. Accordingly, under the rules, service should have been made on or before June 6, 2021. It was not. As a result, Plaintiffs now move for an extension of time within which to serve Defendant Friedlander, contending that good cause exists for this procedural failure.[1] Plaintiffs request an additional 90 days to effectuate service. (DE 8.)

    Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

    "A party seeking an extension for good cause 'bears a heavy burden of proof.'" *Tolchin v. Cnty. of Nassau*, 322 F. Supp. 3d 307, 311 (E.D.N.Y. 2018) (citation omitted). In considering whether good cause exists, courts within this Circuit "weigh the plaintiff's

---

[1] Plaintiffs only request an extension of time within which to serve Defendant Friedlander—Plaintiffs do not request such an extension for Defendants Jerry Mims, Peter Schembri, or Long Island Capital Management. (*See, e.g.*, DE 8.)

reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). Good cause is typically found "only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see Coleman v. Cranberry Baye Rental Agency*, 202 F.R.D. 106, 109 (N.D.N.Y. 2001) (good cause found where plaintiff made diligent efforts but could not locate party to be served); *Barban v. Rheem Textile Sys., Inc.*, No. 01 Civ. 8475 (ILG), 2002 WL 31947209, at *1 (E.D.N.Y Dec. 17, 2002) (same). In any event, the Second Circuit interprets Rule 4(m) as "giv[ing] wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010).

Plaintiffs submit that they have "spent many hours trying to track" Defendant Friedlander because Long Island Capital Management—Friedlander's business and a separate Defendant in this case—has, as unearthed by Plaintiffs, failed to update its process address with the New York Department of State. (DE 8 at 2–3 and Exh. B.) Further, Plaintiffs only recently discovered from Friedlander's former spouse that he now lives in South Carolina. They state they mailed a copy of the summons and complaint to him at an address where he purportedly resides. (*Id.* at 2.) Finally, Friedlander's counsel has twice declined to accept service on behalf of her client. (*Id.* Exhs. A, C.)

Under these circumstances, good cause exists to warrant an extension of time to serve Defendant Friedlander. Plaintiffs' efforts to serve Defendant establish the requisite good cause and, therefore, the Court grants the application. Nothing suggests that

Defendant Friedlander would be prejudiced by such an extension. As such, Plaintiffs' motion is GRANTED, and Plaintiffs shall serve Defendant Friedlander on or before September 6, 2021.

**S O   O R D E R E D:**

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

Dated: Central Islip, New York
       June 16, 2021